IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UGI SUNBURY LLC,                          :      Case No: 3:16-CV-00788
                                          :
          PLAINTIFF                       :      (Judge Brann)
                                          :
     v.                                   :
                                          :
A PERMANENT EASEMENT FOR                  :
71.7575 ACRES, AND TEMPORARY              :
CONSTRUCTION AND ACCESS                   :
EASEMENT FOR 2.956 ACRES                  :
IN LIMESTONE TOWNSHIP,                    :
MONTOUR COUNTY,                           :
PENNSYLVANIA TAX PARCEL                   :
NO. 5-10-19                               :
                                          :
DAVID W. BEACHEL, JR.,                    :
599 STRICK ROAD                           :
MILTON, PA 17847                          :
                                          :
JOY L. BEACHEL,                           :
599 STRICK ROAD                           :
MILTON, PA 17847                          :
                                          :
THE TURBOTVILLE NATIONAL BANK :
PO Box 37                                 :
4710 STATE ROUTE 54                       :
TURBOTVILLE, PA 17772-0037                :

1

|  | : |
|---|---|
| COMMONWEALTH OF | : |
| PENNSYLVANIA | : |
| DEPARTMENT OF HIGHWAYS | : |
| PA DEPARTMENT OF | : |
| TRANSPORTATION | : |
| KEYSTONE BUILDING | : |
| 400 NORTH STREET | : |
| HARRISBURG, PA 17120 | : |
|  | : |
| PENNSYLVANIA DEPARTMENT OF | : |
| REVENUE | : |
| BUREAU OF COMPLIANCE | : |
| LIEN SECTION | : |
| PO BOX 280948 | : |
| HARRISBURG, PA 17128-0948 | : |
|  | : |
| AND ALL UNKNOWN OWNERS | : |
|  | : |
| DEFENDANTS | : |

## MEMORANDUM
August 2, 2016

Pending before this Court are eleven Motions for Emergency Hearings,

eleven Motions for Partial Summary Judgment, and eleven Motions for

Preliminary Injunction filed by Plaintiff UGI Sunbury, LLC, a wholly owned

subsidiary of UGI Energy Services, LLC, a Pennsylvania limited liability company

(hereinafter "UGI"). The Federal Energy Regulation Commission (hereinafter

"FERC") has granted UGI a blanket certificate of public convenience and necessity

(hereinafter the "FERC Certificate"), authorizing it to construct a 20-inch diameter

pipeline over 34.4 miles spanning Snyder, Union, Northumberland, Montour, and

2

Lycoming Counties. This Pipeline is designed to add 200,000 dekatherms per day of new pipeline capacity to industrial and residential users.

Easements over much of the 34.4 miles have previously been acquired by contract; condemnation actions pursuant to the Natural Gas Act, 15 U.S.C. § 717 and Federal Rule of Civil Procedure 71.1, however, have been filed against many of the landowners, interest holders, and all unknown owners of properties who have not yet agreed to contract terms.

In May 2016, motions for preliminary injunctions were filed in eleven of the cases in which condemnation actions were filed. A hearing on the motions was scheduled for June 3, 2016. Prior to the Preliminary Injunction hearing, however, the parties in five of the eleven cases reached agreements concerning these motions.[1] Additionally, two cases resolved in their entirety.[2] At the preliminary injunction hearing, the Court heard evidence in the four remaining cases.[3] I subsequently entered an Order dated June 14, 2016 granting UGI's motions for partial summary judgment and motions for preliminary injunction in those four cases, finding that UGI had the substantive right to condemn the easements.

On July 14, 2016, UGI filed motions for preliminary injunction and motions for hearings in eighteen of the condemnation cases, six of which were familiar to

---

[1] Docket Nos. 3:16-cv-00782, 3:16-cv-00786, 3:16-cv-00797, 3:16-cv-00800, and  3:16-cv-00806.
[2] Docket Nos. 3:16-cv-00787 and 3:16-cv-00804.
[3] Docket Nos. 3:16-cv-00783, 3:16-cv-00793, 3:16-cv-00798, and 3:16-cv-00801.

the Court from its dealings with the parties in May and June 2016.[4] In the remaining twelve cases that were unfamiliar to this Court, UGI also filed motions for partial summary judgment, again seeking an Order from this Court establishing that UGI has the substantive right to the easements at issue.[5]

On July 20, 2016, a telephone conference was held by this Court. During the conference, counsel for the parties in the six cases that had already been addressed by the Court's June 14, 2016 Order agreed that the new motions filed in the cases were superfluous, as the relief sought by UGI had been granted in the prior Order. As such, this Court dismissed those motions as moot. Also during the telephone conference, the Court was informed that one of the "new" cases had settled.[6]

Accordingly, this Memorandum and the Orders that follow will resolve the motions for emergency hearing, motions for partial summary judgment and motions for preliminary injunction in the now eleven remaining cases.[7] For the following reasoning, all of the motions for emergency hearing are denied,[8] all of the motions for summary judgment are granted, and all of the motions for preliminary injunction are granted.

---

[4] Docket Nos. 3:16-cv-00783, 3:16-cv-00793, 3:16-cv-00797, 3:16-cv-00798, 3:16-cv-00800, 3:16-cv-00801.
[5] Docket Nos. 3:16-cv-00784, 3:16-cv-00785, 3:16-cv-00788, 3:16-cv-00789, 3:16-cv-00790, 3:16-cv-00791, 3:16-cv-00792, 3:16-cv-00794, 3:16-cv-00795, 3:16-cv-00803, 3:16-cv-00805, 3:16-cv-00807.
[6] Docket No. 3:16-cv-00785.
[7] These cases are docketed in this Court as 3:16-cv-00784, 3:16-cv-00788, 3:16-cv-00789, 3:16-cv-00790, 3:16-cv-00791, 3:16-cv-00792, 3:16-cv-00794, 3:16-cv-00795, 3:16-cv-00803, 3:16-cv-00805, 3:16-cv-00807.
[8] During the telephone conference conducted by this Court and counsel for the parties, it was determined that a hearing would be unnecessary in light of the hearing held on June 3, 2016 and this Court's June 14, 2016 Order. Accordingly, the motions for emergency hearing are denied and are not discussed further.

4

# I. STANDARD OF REVIEW

Because of the unique procedures associated with federal condemnation actions under the Natural Gas Act, UGI must first establish that it has a substantive right to condemn the property at issue. Once a substantive right has been found, a court "may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction" pursuant to Federal Rule of Civil Procedure 65, which governs the granting of preliminary injunctions.[9] Rule 65 provides in pertinent part:

> **(a) Preliminary Injunction.**
>
> > **(1)** *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.
> >
> > **(2)** *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial
> > . . .
>
> **(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

---

[9] *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *see also Constitution Pipeline Co., LLC. v. A Permanent Easement for 1.92 Acres*, 2015 WL 1219524, *2 (M.D. Pa. March 17, 2015).

Generally, a party seeking a preliminary injunction must establish four factors: (1) a reasonable probability of success on the merits of their argument; (2) irreparable harm to the movant in the absence of relief; (3) granting the preliminary injunction will not result in greater harm to the nonmoving party; and (4) the public interest favors granting the injunction.[10] "It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial or on the merits.'"[11] "A preliminary injunction[, however,] is an extraordinary remedy never awarded as of right."[12]

## II. DISCUSSION

UGI seeks an Order allowing immediate entry on the properties so that it may complete construction of its pipeline by February 1, 2017, a deadline fixed by an agreement reached with Hummel Station, LLC (hereinafter "Hummel"), (described as the "foundation shipper" with whom UGI contracted).[13] In order to meet this deadline, UGI alleges that it was necessary to gain access to the subject properties by July 22, 2016.

As a matter of correct procedure, this Court must first resolve the motions for partial summary judgment and find that UGI has a substantive right to condemn

---

[10] *See American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).
[11] *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (*citing University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).
[12] *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008).
[13] The FERC Certificate alternatively established a deadline of April 29, 2018 for completion of the pipeline.

the properties at issue. This Court must then decide the preliminary injunction

issue.

## A. UGI's Motions for Partial Summary Judgment

UGI's motion for partial summary judgment seeks a finding from the Court

that UGI has a substantive right to condemn the property. It argues that it has

secured the required FERC Certificate and that the only open issue is that of just

compensation.

### 1.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."[14] A fact is "material" where it "might affect the outcome of the suit

under the governing law."[15]  A dispute is "genuine" where "the evidence is such

that a reasonable jury," giving credence to the evidence favoring the nonmovant

and making all inferences in the nonmovant's favor, "could return a verdict for the

nonmoving party."[16]

The burden of establishing the nonexistence of a "genuine issue" is on the

party moving for summary judgment.[17] The moving party may satisfy this burden

by either (i) submitting affirmative evidence that negates an essential element of

---

[14] Fed. R. Civ. P. 56(a).
[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[16] *Id.*
[17] *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).

the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.[18]

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[19] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[20]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[21] Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's

---

[18] *Id*. at 331.
[19] *Anderson*, 477 U.S. at 250.
[20] Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.
[21] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co*., 311 F.3d 226, 233 (3d Cir. 2003).

assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion."[22]

In deciding the merits of a party's motion for summary judgment, the

Court's role is not to evaluate the evidence and decide the truth of the matter, but

to determine whether there is a genuine issue for trial.[23] Credibility determinations

are the province of the factfinder, not the district court.[24] Although the Court may

consider any materials in the record, it need only consider those materials cited.[25]

## 2. DISCUSSION

Section 717f(h) of the Natural Gas Act grants the right of eminent domain

for construction of pipelines:

> When any holder of a certificate of public convenience and necessity
> cannot acquire by contract, or is unable to agree with the owner of
> property to the compensation to be paid for, the necessary right-of-
> way to construct, operate, and maintain a pipe line or pipe lines for the
> transportation of natural gas, and the necessary land or other property,
> in addition to right-of-way, for the location of compressor stations,
> pressure apparatus, or other stations or equipment necessary to the
> proper operation of such pipe line or pipe lines, it may acquire the
> same by the exercise of the right of eminent domain in the district
> court of the United States for the district in which such property may
> be located, or in the State courts. The practice and procedure in any
> action or proceeding for that purpose in the district court of the United
> States shall conform as nearly as may be with the practice and
> procedure in similar action or proceeding in the courts of the State
> where the property is situated: *Provided,* That the United States
> district courts shall only have jurisdiction of cases when the amount

---

[22] Fed. R. Civ. P. 56(e)(2).
[23] *Anderson*, 477 U.S. at 249.
[24] *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).
[25] Fed. R. Civ. P. 56(c)(3).

claimed by the owner of the property to be condemned exceeds $3,000.

"[A] certificate of public convenience and necessity [therefore] gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement."[26]

It is undisputed that UGI has obtained a valid FERC Certificate. Defendants do not raise any further objections to a finding that UGI has the substantive right to condemn Defendants' property in light of this Court's June 14, 2016 Order.[27] Accordingly, UGI's motion for partial summary judgment is granted in the remaining eleven cases.

## B. Motions for Preliminary Injunctions

During the Court's July 20, 2016 telephone conference, counsel for Defendants agreed that the motions for preliminary injunction in these eleven cases should be granted, as a result of the reasoning set forth in this Court's June 14, 2016 Order. That Order provided a detailed discussion justifying its granting of the motions and the relief requested by UGI. Accordingly, the Court declines to reiterate this analysis and instead applies the same reasoning in granting the instant motions for preliminary injunction.

---

[26] *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Tp., York County, Pa., et. al*, 768 F.3d 300, 304 (3d Cir. 2014).

[27] Defendants in four cases raised objections at the hearing on June 3, 2016 which were addressed by this Court in its June 14, 2016 Order.

## C. Bond Requirement

The parties disagree on the issue of appropriate bond amount, however. Prior to the June 3, 2016 hearing, UGI and the Defendants in five cases[28] reached stipulations with regard to their respective motion for preliminary injunction and agreed that UGI would post bonds in each case in an amount calculated based on the following rather basic formula: the acreage of the right of way multiplied by $5,000.  The issue of appropriate bond amount was not raised with regard to the remaining four cases on which the Court heard evidence during the June 3, 2016 hearing. Therefore, in the June 14, 2016 Order, I instructed UGI to post bonds in the four remaining cases[29] based on the same $5,000 per acre calculation as applied in the other cases. No objection to the bond amounts was raised by any Defendant. As a consequence, UGI proposes that this Court apply the same formula in the eleven instant cases and direct the posting of bonds in the amount of $5,000 per acre.[30]

---

[28] Docket Nos. 3:16-cv-00782, 3:16-cv-00786, 3:16-cv-00797, 3:16-cv-00800, and  3:16-cv-00806.

[29] Docket Nos. 3:16-cv-00783, 3:16-cv-00793, 3:16-cv-00798, and 3:16-cv-00801.

[30] This calculation was in fact adopted by this Court in the following UGI case previously filed: docket numbers 3:16-cv-00782, 3:16-cv-00786, 3:16-cv-00797, 3:16-cv-00800, 3:16-cv-00806, 3:16-cv-00783, 3:16-cv-00793, 3:16-cv-00797, 3:16-cv-00798, 3:16-cv-00800, 3:16-cv-00801. None of the parties in these cases objected to the calculation of the bond amount.

Defendants object to this formula in eight of the eleven remaining cases.[31] Defendants Dennis and Melissa Beachel and Powerview Farms, Inc.[32] each argue that the taking will "affect Defendant's livelihood, ability to access fields, destroy crops, devalue farmland, alter livestock production, and land development rights."[33] They argue that, at minimum, UGI should post a bond worth $20,000 per acre instead of the suggested $5,000 per acre.

Defendants in six cases[34] argue that constitutional property rights require the posting of a bond in a sufficient amount to guarantee the property owner that the funds will be available when the case reaches the stage when just compensation will be determined. Defendants further argue that UGI incorrectly calculated the value of the property because instead of appraising the entire property before and after the condemnation to establish the actual value of the taking (before value minus after value equals damages), the appraisal only determined the value of the easements themselves. The Defendants instead propose that UGI post bonds in the amount that

_____

[31] During the July 20, 2016 telephone conference, *pro se* Defendant David Beachel (case number 3:16-cv-00788) was strongly encouraged by this Court to retain counsel. No attorney has entered an appearance on behalf of this Defendant as of the date of this Memorandum. Additionally, Defendants in this case did not submitted briefs on their position regarding the issue of bond amount. Similarly, in cases 3:16-cv-00789 and 3:16-cv-00792, no briefs were filed stating a position on the issue of bond amount. Therefore, this Court will adopt UGI's formula for calculating bond amount in these cases. Accordingly, the discussion below will only apply to the remaining eight cases.

[32] Docket Nos. 3:16-cv-00784, 3:16-cv-00795. Dennis and Melissa Beachel are also the defendants in case 3:16-cv-00783, which was resolved by the June 14, 2016 Order.

[33] ECF Nos. 20 and 19.

[34] Docket Nos. 3:16-cv-00788, 3:16-cv-00790, 3:16-cv-00791, 3:16-cv-00794, 3:16-cv-00803, 3:16-cv-00805, 3:16-cv-00807.

Defendants claim just compensation should be. Defendants in the three final cases filed no briefs on the bond issue, effectively raising no objection to UGI's proposed formula.[35]

Federal Rule of Civil Procedure 65(c) requires that the movant requesting a preliminary injunction give security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined. The United States Court of Appeals for the Third Circuit has held that "[a]lthough the amount of the bond is left to the discretion of the court, the posting requirement is much less discretionary. While there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory."[36] This is because "[a] party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond."[37] District courts tend to err on the "high side" considering that "the only recourse against wrongful enjoinment is against the bond. . ."[38] The Third Circuit explains:

---

[35] Docket Nos. 3:16-cv-00788, 3:16-cv-00789, and 3:16-cv-00792.

[36] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 425-26 (3d Cir. 2010)(*citing Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 103 (3d Cir.1988)).

[37] *Arlington Indust., Inc. v. Bridgeport Fittings, Inc.*, 2011 WL 4916397, *3 (M.D. Pa. Oct. 17, 2011) (*citing W.R. Grace and Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 461 U.S. 757, 770 n. 14 (1983)).

[38] *Arlington Ind., Inc.*, 2011 WL 4916397 at *4 (*citing Scanvec Amiable Ltd. v. Chang*, 2002 WL 32341772, *3 (E.D. Pa. Nov.1, 2002)).

The rule limiting liability to the amount of the bond provides the plaintiff with notice of the maximum extent of her liability. The bond can thus be seen as a contract in which the court and plaintiff 'agree' to the bond amount as the 'price' of a wrongful injunction."[39]

Other eminent domain cases provide further guidance in determining an appropriate bond amount. In *Northern Border Pipeline Co. v. 127.79 Acres of Land, More or Less in Williams County, N.D.*,[40] the court granted the plaintiff immediate possession of the condemned property but ordered a bond in the amount of the plaintiff's estimate of the amount of just compensation *and* an additional bond equal to at least twice the plaintiff's estimate of just compensation. In *Hardy Storage Co., LLC v. An Easement to Construct, Operate and Maintain 12-inch and 20-inch Gas Transmission Pipelines Across Properties in Hardy County, West Virginia*,[41] the court ordered a bond to be posted in the amount that plaintiff determined just compensation to be.[42] Unlike the matters at hand, however, the amount of just compensation in *Hardy Storage* was not at issue.[43]

In the cases *sub judice*, the amount of just compensation is greatly disputed by the parties. Defendants provide proposed just compensation values in their briefs on the issue of bond amounts. UGI indicates that the

---

[39] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 n. 9 (3d Cir. 1989)(internal citations omitted).
[40] 520 F. Supp. 170, 173 (D.N.D. 1981).
[41] 2006 WL 1004719 (N.D. W.V. April 12, 2006).
[42] *Id.* at *7.
[43] *Id.*

14

$5,000 per acre figure "is the damage component of the total calculated compensation set forth in UGI's most recent offers to all landowners." This Court cannot assume that the amount proposed by UGI in an offer to settle is the actual value of just compensation calculated by UGI, especially considering that different parcels of land are undoubtedly worth more than others. As this Court has stated repeatedly, the issue of just compensation is a matter for another day, after appraisals have been conducted by all parties and the evidence is presented to the Court.

As such, this Court will adopt the bond amounts proposed by Defendants. Posting a bond in the higher amounts proposed poses less risk to all parties involved. As described above, to be prudent, courts must err on the "high side" so as to not limit a wrongfully enjoined party's recovery amount. The risk that Defendants were wrongfully enjoined is likely low considering that UGI has valid FERC certificates granting it eminent domain powers. Furthermore, UGI will only be required to pay the amount of just compensation if, at the time of the condemnation hearing, the Court determines that just compensation is less than the amounts posted in the bonds.

**IV. CONCLUSION**

For the foregoing reasons, the Court will deny UGI's motions for hearings and grant UGI's motions for partial summary judgment. The Court will further grant UGI's motions for preliminary injunctive relief and Order a bond to be posted in each case in the amounts proposed by Defendants.

An appropriate Order follows this Memorandum.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge