# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UGI SUNBURY LLC, | : | Case No. 3:16-CV-00788 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| A PERMANENT EASEMENT FOR 71.7575 ACRES, AND TEMPORARY CONSTRUCTION AND ACCESS EASEMENT FOR 2.956 ACRES IN LIMESTONE TOWNSHIP, MONTOUR COUNTY, PENNSYLVANIA TAX PARCEL NO. 5-10-19 | : | |
| DAVID W. BEACHEL, JR. 599 Strick Road Milton, PA 17847 | : | |
| JOY L. BEACHEL 599 Strick Road Milton, PA 17847 | : | |
| THE TURBOTVILLE NATIONAL BANK P.O. Box 37 4710 State Route 54 Turbotville, PA 17772-0037 | : | |
| MONTOUR COUNTY TAX CLAIM BUREAU 29 Mill Street Danville, PA 17821 | : | |
| COMMONWEALTH OF PENNSYLVANIA: DEPARTMENT OF HIGHWAYS PA DEPARTMENT OF TRANSPORTATION Keystone Building | : | |

1

| | |
|---|---|
| 400 North Street | : |
| Harrisburg, PA 17120 | : |
| | : |
| PENNSYLVANIA DEPARTMENT OF | : |
| REVENUE | : |
| BUREAU OF COMPLIANCE | : |
| LIEN SECTION | : |
| P.O. Box 280948 | : |
| Harrisburg, PA 17120 | : |
| | : |
| AND ALL UNKNOWN OWNERS | : |
| | : |
| Defendants. | : |

## **MEMORANDUM and ORDER**

December 15, 2016

Before the Court for disposition is Defendant David W. Beachel, Jr.'s ("Defendant") Motion for Release of Estimated Just Compensation Pursuant to Federal Rule of Civil Procedure 71.1. For the following reasons, this Motion will be denied.

### I.     BACKGROUND

On May 6, 2016, Plaintiff UGI Sunbury LLC ("Plaintiff") initiated the current action by filing a Complaint in this Court seeking the condemnation of a tract of land owned by Defendant which was needed to construct the Sunbury Pipeline Project.[1] Plaintiff subsequently moved for (1) a Preliminary Injunction, (2) Partial Summary Judgment, and (3) a Hearing concerning both pending

---

[1] ECF No. 1.

Motions.[2]  In a Memorandum Opinion and Order issued on August 2, 2016, I granted Plaintiff's Motions for Preliminary Injunction and for Partial Summary Judgment.[3]  In so doing, I held that Plaintiff has a substantive right to condemnation and was in immediate possession of the rights of way sought through the action.  Plaintiff was also directed to post a surety bond with the Clerk of Court pursuant to Federal Rule of Civil Procedure 65(c).[4]

Following the filing of a Joint Case Management Plan by the parties, the Court held an Initial Case Management Conference on October 27, 2016.  In this conference, the Court set numerous litigation deadlines later memorialized in a Case Management Order of that same date.[5]  Defendant subsequently filed the instant Motion for Release of Estimated Just Compensation Pursuant to Federal Rule of Civil Procedure 71.1.[6]  In this Motion, Defendant requests the release of funds under Federal Rule of Civil Procedure 71.1(c)(4) and argues that the financial hardship he has suffered as a result of this condemnation outweighs the

---

[2]  ECF Nos. 11, 13, & 15.

[3]  ECF Nos. 20 & 21.

[4]  See Order of August 2, 2016 (ECF No. 21).

[5]  ECF No. 29.

[6]  ECF No. 30.

potential risk associated with Plaintiff's inability to collect on a potential over-payment.[7]

The parties have since fully briefed this issue,[8] and the Motion is ripe for disposition.

## II. DISCUSSION

In the instant Motion, Defendant asks the Court to release funds in accordance with his *pro rata* share of the surety bond based on the acreage taken. Having thoroughly considered the positions and supporting briefs of both parties, I will deny this request based on the following legal and prudential reasons.

First, because the surety bond at issue was posted pursuant to Federal Rule of Civil Procedure 65(c), it is not subject to release until a final judgment on the merits is reached. Plaintiff's action in condemnation[9] was brought pursuant to the Natural Gas Act ("NGA"), which states:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the

---

[7] Mot. for Release of Estimated Just Compensation (ECF No. 30) ¶ 15, at 4.

[8] ECF Nos. 31, 33, & 34.

[9] See generally Complaint (ECF No. 1).

same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.[10]

This action in condemnation, available to private corporations, does not implicate the "quick take" powers of the federal eminent domain code through which a governmental entity must deposit an estimated amount of just compensation in return for immediate transfer of title.[11] Rather, in a condemnation action under the NGA, it is only upon a court's issuance of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(c) that a plaintiff is required to post a surety bond with the Court.[12] This distinction concerning what triggered the necessity of the bond at issue is dispositive of the instant request. Specifically, because recovery under a security bond is triggered only after "final judgment on the merits

---

[10] 15 U.S.C. § 717f(h).

[11] Constitution Pipeline Co., LLC v. A Permanent Easement for 1.92 Acres, Civil Action No. 3:14-CV-2445, 2015 WL 1219524, at *3 (M.D.Pa. March 17, 2015)(Mannion, J.) (finding "a marked difference between the equitable remedy at issue [in an action pursuant to the Natural Gas Act] and "quick-take," through which title passes immediately to the government upon the filing of the declaration of taking and the estimated amount of compensation is deposited with the court.).

[12] Fed.R.Civ.P. 65(c)("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").

in favor of the enjoined party,"[13] the pending motion for the release of funds must be denied as premature given the procedural posture of Defendant's case.[14]

Second, because the Court previously addressed when just compensation will be paid to Defendant, the law of the case doctrine precludes the Court from issuing the requested relief. The "law of the case" doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[15] "Under this doctrine, a court should not reopen issues decided in earlier stages of the same litigation."[16] However, departure from a prior holding is nevertheless appropriate if adherence to the prior ruling would be "clearly erroneous and would work a manifest injustice."[17]

In the matter at hand, Plaintiff correctly notes that this Court stated, in its

---

[13] Arlington Industries, Inc. v. Bridgeport Fittings, Inc., Civil Action No. 3:06-CV-1105, 2011 WL 4916397 at *6 (M.D.Pa. Oct. 17, 2011)(Conner, C.J.) (citing Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992)).

[14] Further, I note that the same conclusion would result even if the bond at issue were a "deposit" made pursuant to quick take powers. Specifically, although Federal Rule of Civil Procedure 71.1(c)(4) allows for "any distribution of a deposit that the facts warrant," an advisory note to this section states that disbursement of a deposit is only allowed "as soon as pertinent facts of ownership, value, and the like are established." Fed. R. Civ. P. 71.1, advisory committee's note. Therefore, because final judgment has not yet been entered on the issue of just compensation, release of any "deposit" made would be inappropriate.

[15] Arizona v. California, 460 U.S. 605, 618 (1983).

[16] Agostini v. Felton, 521 U.S. 203, 236 (1997) (O'Connor, J.).

[17] See Arizona, 460 U.S. at 619 n.8.

Memorandum Opinion of August 2, 2016, that "UGI will only be required to pay the amount of just compensation if, at the time of the condemnation hearing, the Court determines that just compensation is less than the amounts posted in the bonds."[18] This statement expressed that, should the ultimate determination of just compensation **at the condemnation hearing** exceed the bond amount posted, Plaintiff would only then be liable for immediate payment of just compensation. I believe this statement sufficiently alerted parties that the ultimate determination and release of funds representing "just compensation" will only occur following a full hearing on the issue. Such a hearing has not yet occurred. Therefore, because Defendant has adduced no persuasive reason why adherence to this finding would be clearly erroneous or work a manifest injustice, the Court is compelled to abide by the law of this case as developed.

    Finally, the Court is persuaded that premature release of bond in this case would be adverse to sound interests of judicial economy. First, as previously noted, the Court already addressed this issue in its Memorandum Opinion of August 2, 2016. Disturbance of that ruling should not occur absent compelling justification. Second, and perhaps most persuasive prudentially, the Court is mindful that there are fifteen other condemnation actions by Plaintiff related to the Sunbury Pipeline Project currently at the same stage of litigation. Releasing bond

---

[18] Pl.'s Br. in Opp. to Defs.' Mot. for Release of Estimated Just Comp. Pursuant to Fed. R. Civ. P. 71.1 (ECF No. 33) at 17 (citing Order of Aug. 2, 2016 (ECF No. 20), at 15).

Case 3:16-cv-00788-MWB Document 39 Filed 12/15/16 Page 8 of 8

proceeds to Defendant in this case would likely lead to a flood of similar requests in companion cases. Because the release of such funds in any one of the fifteen related cases could lead to a windfall in which a defendant receives more than the later-determined just compensation, granting the instant request could create a tremendous logistical challenge. I will therefore deny Defendant's request for the release of funds based on these prudential concerns together with the above legal guidance.

**AND NOW**, based on the foregoing analysis, **IT IS HEREBY ORDERED THAT** Defendant David W. Beachel, Jr.'s Motion for Release of Estimated Just Compensation Pursuant to Federal Rule of Civil Procedure 71.1 (ECF No. 30) is **DENIED.**

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge