# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UGI SUNBURY, LLC, | No. 3:16-CV-00788 |
| Plaintiff. | (Judge Brann) |
| v. | |
| A PERMANENT EASEMENT FOR 1.7575 ACRES, AND TEMPORARY CONSTRUCTION AND ACCESS EASEMENT FOR 2.956 ACRES IN LIMESTONE TOWNSHIP, MONTOUR COUNTY, PENNSYLVANIA TAX PARCEL NO. 5-10-19, | |
| DAVID W. BEACHEL, JR., | |
| JOY L. BEACHEL, | |
| THE TURBOTVILLE NATIONAL BANK, | |
| MONTOUR COUNTY TAX CLAIM BUREAU | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF HIGHWAYS, PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, | |
| PENNSYLVANIA DEPARTMENT OF REVENUE, BUREAU OF COMPLIANCE, | |
| and ALL UNKNOWN OWNERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 19, 2018

The above-captioned matter is scheduled for a bench trial in this Court beginning Monday, April 16, 2018. Each party has filed a motion in limine seeking to exclude the other party's expert. Both motions will be denied.

UGI has moved to exclude the testimony of Defendant's expert witness pursuant to Federal Rule of Evidence 702, arguing that the expert's report is "riddled with errors of material fact" and is "not the product of reliable principles and methods." Specifically, UGI argues that Defendant's expert:

(1) did not place a value on the easements actually condemned;
(2) did not describe the size of the easements; and
(3) did not provide a factual basis to support his "damaged goods" theory of land valuation.

Therefore, UGI argues, the expert's opinion is neither "reliable" nor a good "fit."

Defendant has moved to exclude the testimony of UGI's expert witness, also pursuant to Federal Rule of Evidence 702, arguing that the expert's report "is not in compliance with Federal law and established appraisal standards." Defendant notes a number of perceived flaws in UGI's expert's report—*e.g.*, that the expert "only used comparable sales of vacant land," that the expert "failed to inspect and place values on the subject dwellings," and that the expert utilized "an arbitrary multiplier" to determine the value of the taking.

Both the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit have expounded on Rule 702's requirements.[1] This Court, however, is granted wide discretion when deciding whether those

---

[1] *See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 742-743 (3d Cir. 1994).

requirements have been met.[2] Because the upcoming trial is a bench—not jury—trial, because there is a "strong preference for admission"[3] of expert testimony, and because this Court believes that "hearing the expert's testimony and assessing its flaws [is] an important part of assessing what conclusion [is] correct",[4] this Court will admit the testimony of both parties' experts.[5] Each party may, of course, vigorously cross examine the other party's expert. This Court, as finder of fact, will carefully consider the soundness of both experts' reasoning and their opinions' factual basis, and will attentively evaluate the experts' credibility.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] *Kumho*, 526 U.S. at 152 ("a court of appeals is to apply an abuse-of-discretion standard when it reviews a trial court's decision to admit or exclude expert testimony").

[3] *Id.*

[4] *In re Paoli*, 35 F.3d at 547.

[5] UGI also argued that Defendant's expert report should be excluded because it was submitted slightly outside the timeframe set by this Court. That argument is likewise rejected.